Chief Judge Cooke
(dissenting). The prosecution in a criminal case deserves a full chance to develop at a suppression hearing an admissible base for its evidence. Normally, it does not deserve a second chance, and particularly so where its own actions at the first hearing created the lack of that base. By remitting this case for. a new suppression hearing, the majority today gives the prosecution just such an unwarranted second chance.
The evidence in question was discovered by police after they broke into defendant’s unoccupied apartment to make a warrantless arrest. At the pretrial suppression hearing, the prosecution relied on a State statute permitting warrantless arrests of persons in their residences. The United States Supreme Court has since held that statute to be unconstitutional, ruling that a warrantless arrest in a private residence, was *179 unconstitutional absent exigent circumstances (Payton v New York, 445 US 573). On remand to this court, the issue is thus whether a new suppression hearing should be held to determine if exigent circumstances excusing the absence of a warrant existed or whether the evidence must be suppressed and a new trial granted.
As this court stated in People v Havelka (45 NY2d 636, 643), the prosecution should have "one full opportunity” to establish the admissibility of its evidence. In this case the prosecution had such an opportunity and not only failed to use it fully, but actively thwarted attempts by defense counsel to explore the very issue of exigent circumstances.
Havelka held that a rehearing was appropriate where "an error of law is committed by the hearing court which directly causes the People to fail to offer potentially critical evidence” (45 NY2d 636, 643). In Havelka, the prosecution’s failure to establish the admissibility of its evidence was caused by its reliance on a line of cases that was subsequently overruled. This court refused to allow the prosecution an opportunity to meet the new standard.
This case makes an even stronger argument against a rehearing. It was this very case, not an unrelated intervening case, that ultimately overturned the statute on which the prosecution relied. With the validity of the statute thus directly involved, the prosecution made a tactical decision to rely solely on the statute and did not attempt to show exigent circumstances as a precaution against the statute being struck down. Taking such a precaution would hardly have been an unreasonable step for the prosecution to have taken. As the Supreme Court noted in Payton, there had been a "significant decline during the last decade in the number of States permitting warrantless entries for arrest” in residences, dicta in prior Supreme Court decisions "raising questions about the practice” (445 US 573, 599), and holdings by five Federal courts of appeal that the practice was unconstitutional (id., at p 575). The issue of exigent circumstances was thus hardly irrelevant. And, contrary to the majority’s assertion, exploration of that issue would not have consumed an inordinate amount of time. The most relevant witness was on the stand and testified at length about other matters. The few moments that he would have taken in responding to defense counsel’s inquiries pale in comparison to the resources and *180 time that will be consumed by remanding the matter for a new hearing at this point.
More important, when the defense counsel attempted to cross-examine the police officer supervising the investigation, the prosecution successfully blocked, through objections, any attempt to explore the presence or absence of exigent circumstances. As this court noted in People v Wise (46 NY2d 321, 329), "where the defendant is denied an opportunity at the suppression hearing to delve into the circumstances attendant upon his arrest or detention, his motion to suppress would be favorably entertained on appeal”. Since the prosecution was thus directly responsible for the inadequacy of the record, it would be unfair to the defendant, and unwarranted under this court’s rulings, to grant a new suppression hearing. The order of the Appellate Division should be reversed, the motion to suppress granted and a new trial ordered.
Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur with Judge Wachtler; Chief Judge Cooke dissents in part and votes to reverse, grant defendant’s motion to suppress and order a new trial in a separate opinion.
Upon reargument, following remand by the Supreme Court of the United States, order modified and case remitted to the Supreme Court, New York County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.